# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| KEVIN COOK, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:18-cv-01864-M |
| | § | |
| LABORATORY CORPORATION OF AMERICA, ADP, LLC, and STEPHEN KRACHT, D.O., | § § § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT LABORATORY CORPORATION OF AMERICA HOLDINGS' RULE 12(C) MOTION <u>FOR JUDGMENT ON THE PLEADINGS</u>

## **TABLE OF CONTENTS**

STATEMENT OF FACTS ........................................................................................................ 6
LEGAL STANDARD................................................................................................................ 7
ARGUMENT AND AUTHORITIES....................................................................................... 9
    I.        Plaintiff's Defamation Claim Should Be Dismissed. ............................................. 9
           A.        Plaintiff Failed to Adequately Plead Publication of a False
                    Statement Because Any Statements By Defendants Were
                    Substantially True. ....................................................................................... 9
           B.        Because Any Statements by Plaintiffs Are Protected by Qualified
                    Privilege, Plaintiff Was Required, But Failed, to Plead Facts
                    Supporting Malice........................................................................................ 11
           C.        Plaintiff's Defamation Claim is Deficient Because It Fails to Plead
                    the Date of the Alleged Defamation. ......................................................... 14
    II.       Plaintiff's Tortious Interference with Contractual Relations Claim Should
           Be Dismissed Because Plaintiff Failed to Plead Facts Supporting Willful
           or Intentional Interference........................................................................................ 15
CONCLUSION........................................................................................................................... 16

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ..................................................................................................8, 15

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007) .........................................................................................................8

*Brownlow v. Lab. Corp. of Am.*,
    No. 00-10979, 2001 U.S. App. LEXIS 30840 (5th Cir. May 14, 2001) ..........................11, 12

*City of Clinton, Ark. v. Pilgrim's Pride Corp.*,
    632 F.3d 148 (5th Cir. 2010) ............................................................................................8

*David L. Aldridge Co. v. Microsoft Corp.*,
    995 F. Supp. 728 (S.D. Tex. 1998) ...................................................................................9

*Doe v. MySpace, Inc.*,
    528 F.3d 413 (5th Cir. 2008) ............................................................................................7

*Duffy v. Leading Edge Products, Inc.*,
    44 F.3d 308 (5th Cir. 1995) ............................................................................................12

*Frank v. Delta Airlines, Inc.*,
    3:00-CV-2772-R, 2001 U.S. Dist. LEXIS 11341 (N.D. Tex. Aug. 3, 2001) .........11, 12, 13, 14

*Gentilello v. Rege*,
    627 F.3d 540 (5th Cir. 2010) ............................................................................................8

*Guidry v. Am. Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007) ........................................8, 13

*Jackson v. Dallas Indep. Sch. Dist.*,
    No. CIV. A.398-CV-1079-D, 1998 WL 386158 (N.D. Tex. July 2, 1998)
    *aff'd*, 232 F.3d 210 (5th Cir. 2000) ................................................................................14

*In re Katrina Canal Breaches Litig.*,
    495 F.3d 191 (5th Cir. 2007) ............................................................................................8

*Klein v. Walker*,
    NO. 1:14-CV-00509-RC-ZJH, 2016 U.S. Dist. LEXIS 97361 (E.D. Tex. June
    10, 2016) ........................................................................................................................11

*Korkala v. Simon & Schuster*,
    No. 85 CIV. 0564 (RLC), 1986 U.S. Dist. LEXIS 20819 (S.D.N.Y. Sept. 4,
    1986) ..............................................................................................................................11

*Mill Creek Press, Inc v. Thomas Kinkade Co.*,
   No. 3:04-CV-1213-G, 2004 U.S. Dist. LEXIS 31100 (N.D. Tex. 2004) ..........................15, 16

*Nelson v. Lowe's Home Ctrs., Inc.*,
   No. 3:11-CV-1497-B, 2012 U.S. Dist. LEXIS 122800 (N.D. Tex. Aug. 29,
   2012) ...............................................................................................................................8

*Shaunfield v. Experian Info. Solutions, Inc.*,
   991 F. Supp. 2d 786 (N.D. Tex. 2013) ..............................................................................7, 13

*Vincent v. Comerica Bank*,
   No. H-05-2302, 2006 U.S. Dist. LEXIS 28613 (S.D. Tex. May 9, 2006)..........................9, 11

*Walker v. Beaumont Indep. Sch. Dist.*,
   No. 1:15-CV-379, 2016 U.S. Dist. LEXIS 101704 (E.D. Tex. Jan. 22, 2016).........................9

*Walsh v. America's Tele-Network Corp.*,
   195 F. Supp. 2d 840 (E.D. Tex. 2002)....................................................................................15

*Willis v. Roche Biomedical Labs, Inc.*,
   61 F.3d 313 (5th Cir. 1995) ...................................................................................11, 12, 13

**State Cases**

*Houston Belt & Terminal Ry. Co. v. Wherry*,
   548 S.W.2d 743 (Tex. Civ. App. 1976) ..................................................................................12

*In re Lipsky*,
   460 S.W.3d 579 (Tex. 2015).....................................................................................................9

*McIlvain v. Jacobs*,
   794 S.W.2d 14 (Tex. 1990)..........................................................................................9, 10, 11

*Randall's Food Mkts. v. Johnson*,
   891 S.W.2d 640 (Tex. 1995).....................................................................................................9

**State Statutes**

TEX. CIV. PRAC. & REM. CODE § 73.005(a) ..........................................................................9, 10, 11

**Rules**

FED. R. CIV. P. 8(a)(2) .................................................................................................................8

Federal Rule of Civil Procedure 12(c) ............................................................................6, 7, 8, 13

Rule 12(b)(6).................................................................................................................................7, 13

**Regulations**

*49 CFR pt. 40 § 40.65* ...........................................................................................................10

**Other Authorities**

5 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1309
    (2d ed.1990) ..................................................................................................................15

Defendant Laboratory Corporation of America Holdings, incorrectly identified in the Original Petition as Laboratory Corporation of America ("LabCorp"), by its undersigned counsel, respectfully submits this memorandum of law in support of its motion, pursuant to Federal Rule of Civil Procedure 12(c), for judgment on the pleadings of the Original Petition ("Petition") filed by Plaintiff Kevin Cook ("Cook" or "Plaintiff").

## STATEMENT OF FACTS

This case is based on the privileged reporting of Plaintiff's accurate drug test results to Plaintiff's employer. Plaintiff's former employer, Crane Worldwide Logistics, Inc. ("Crane"), required Plaintiff to submit to random drug tests upon request. Plaintiff's Original Petition ("Pet.") ¶¶ 3.02, 3.03, 3.05. Crain retained the services of ADP to administer these random drug tests. ADP in turn used LabCorp to perform the drug tests on selected employees. *Id.* at 3.04.

According to the Petition, on December 7, 2017, Crane directed Plaintiff to submit to a random drug test at one of LabCorp's Dallas, Texas facilities. *Id.* at ¶ 3.05. At the LabCorp facility, a technician collected a urine sample from Plaintiff. *Id.* at ¶ 3.07. The technician informed Plaintiff that she could not get a temperature reading from the sample. *See id.* In other words, Plaintiff's urine sample was not within the normal temperature range. The technician encouraged Plaintiff to stay for a second test to prevent a report to his employer that he refused to cooperate with the drug test. *Id.* at ¶ 3.08. Plaintiff remained at the collection site and provided a second urine sample. *Id.* at ¶ 3.09. The second sample again was outside of the normal temperature range. *See id.* at ¶ 3.09. At that point, a LabCorp technician informed Plaintiff that to get a third drug screening, Plaintiff would have to get a new test number from his employer and then return to the facility. (Pet. ¶ 3.10). Thereafter, Plaintiff left the LabCorp facility, and took no further drug tests for Crane. *See id.* at ¶ 3.09.

ADP prepared and delivered to Crane a report summarizing the attempted drug test including the invalid temperature results. *See id.* at ¶¶ 3.14–3.15. The report allegedly states "per collector remarks, the donor provided the specimen of invalid temperature and did not remain for re-collection." *Id.* at ¶ 3.15. ADP, therefore, reported the test result as "Refusal To Test" *Id.* Plaintiff claims that LabCorp's statement to ADP about sample temperature and ADP's statement to Plaintiff's employer that Plaintiff refused to test are false. *Id.*

Plaintiff claims that as a result of Defendants' report, Crane terminated Plaintiff's employment. *Id.* at 3.14. Although Plaintiff contends that he was terminated on December 14, 2017 due to language in the drug screening report, he does not assert the date of the report and/or the publication of any of the alleged defamatory statement(s) complained of in the Petition. *See, e.g.*, *id.* at ¶ 3.13, 3.15.

Plaintiff further alleges that on March 8, 2018, at a hearing for unemployment benefits, Plaintiff's former supervisor testified that he decided to terminate Plaintiff's employment "in reliance upon ADP's report to Crane that Plaintiff refused to submit to a random drug screening." Pet. ¶ 3.14. Plaintiff subsequently brought this lawsuit alleging defamation and tortious interference with contractual relations.

## **LEGAL STANDARD**

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." FED. R. CIV. P. 12(c). Actions based on allegations upon which no relief may be granted under any set of facts consistent with the allegations pled must be dismissed. *See* FED. R. CIV. P. 12(c). "[T]he central issue is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief." *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008) (internal quotations omitted). "The standard for deciding a Rule 12(c) motion is the same as a Rule 12(b)(6) motion to dismiss for failure to state a claim." *Shaunfield*

*v. Experian Info. Solutions, Inc.*, 991 F. Supp. 2d 786, 793 (N.D. Tex. 2013) (citing *Guidry v. Am. Pub. Life Ins. Co*., 512 F.3d 177, 180 (5th Cir. 2007)).

To state a claim for relief, "Plaintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim." *Nelson v. Lowe's Home Ctrs., Inc.*, No. 3:11-CV-1497-B, 2012 U.S. Dist. LEXIS 122800, at *7 (N.D. Tex. Aug. 29, 2012) (quoting *City of Clinton, Ark. v. Pilgrim's Pride Corp.*, 632 F.3d 148, 152–53 (5th Cir. 2010)); *see also* FED. R. CIV. P. 8(a)(2).  While the Court must take the plaintiff's allegations as true and draw all inferences in the plaintiff's favor, *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007), conclusory allegations of law unsupported by facts will not defeat a Rule 12(c) motion.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]"); *Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010) (stating that the court will "not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions.").

After determining what nonconclusory factual allegations exist and assuming they are true, the Court must determine whether the pleadings plausibly give rise to an entitlement of relief.  *See Iqbal*, 556 U.S. at 678–79 ("[A] court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth.").

Here, Plaintiff's claims fall short of the factual detail required to survive judgment on the pleadings. Indeed, Plaintiff offers nothing more than "labels and conclusions" -- not facts -- to support essential elements of his claim like malice.

## ARGUMENT AND AUTHORITIES

### I. Plaintiff's Defamation Claim Should Be Dismissed.

To sufficiently plead a cause of action for defamation, the plaintiff must assert the following elements: (1) the publication of a false statement of fact to a third party; (2) the statement was defamatory concerning the plaintiff; (3) the requisite degree of fault (negligence or actual malice, depending on the circumstances); and (4) damages. *Walker v. Beaumont Indep. Sch. Dist.*, No. 1:15-CV-379, 2016 U.S. Dist. LEXIS 101704, at *22 (E.D. Tex. Jan. 22, 2016) (citing *In re Lipsky*, 460 S.W.3d 579, 593 (Tex. 2015)). Judgment on the pleadings is warranted because Plaintiff fails to allege facts supporting several of these essential elements.

#### A. Plaintiff Failed to Adequately Plead Publication of a False Statement Because Any Statements By Defendants Were Substantially True.

Plaintiff fails to allege that LabCorp published false statements about the Plaintiff. Indeed, by Plaintiff's own allegations, what LabCorp reported to ADP was true.

"Truth, even substantial truth, is a complete defense to defamation." *Vincent v. Comerica Bank*, No. H-05-2302, 2006 U.S. Dist. LEXIS 28613, at *23–24 (S.D. Tex. May 9, 2006) (citing *Randall's Food Mkts. v. Johnson*, 891 S.W.2d 640, 646 (Tex. 1995); *McIlvain v. Jacobs*, 794 S.W.2d 14, 15 (Tex. 1990); *David L. Aldridge Co. v. Microsoft Corp.*, 995 F. Supp. 728, 741 (S.D. Tex. 1998) ("The Fifth Circuit has interpreted Texas law as requiring the plaintiff to prove falsity as an element of a cause of action for defamation.")); TEX. CIV. PRAC. & REM. CODE § 73.005(a). The test used to decide whether a statement is substantially true involves considering whether the alleged defamatory statement was more damaging to the plaintiff's reputation, in the

mind of the average listener, than a truthful statement would have been. *Id.* (citing *McIlvain*, 794 S.W.2d at 16). "This evaluation involves looking to the 'gist' of the" published statement. *McIlvain*, 794 S.W.2d at 16.

Here, Plaintiff puts at issue two statements that he alleges are false: (1) the LabCorp collector's alleged remark that "the donor provided the specimen of invalid temperature and did not remain for re-collection[;]" and (2) ADP's report of a "Refusal To Test." Pet. ¶ 3.15.

"Refusal to Test" is a term of art. Under Department of Transportation rules governing drug testing, for example, "[w]hen a specimen is out of temperature range . . . it is considered a refusal to test." *See, e.g.*, *DOT Rule 49 CFR Part 40 Section 40.65 Q&A*, TRANSPORTATION.GOV, *available at* https://www.transportation.gov/odapc/part40QA/40_65. According to the facts pled in the Petition, Plaintiff gave two urine samples to LabCorp, both of which were outside of the normal temperature range. Pet. ¶¶ 3.07, 3.09. Plaintiff does not allege that either of his samples were actually within the proper temperature range. Thus, LabCorp's statement about the temperature range of the samples at issue is admittedly an accurate categorization of what occurred. While ADP's report of a "Refusal to Test" is also an accurate statement given the definition of "Refusal to Test," that statement is not attributed to LabCorp and cannot form the basis of the defamation claim against LabCorp.

Also according to the Petition, after the second drug screening, Plaintiff left the facility and did not submit a third sample. *See* Pet. ¶¶ 3.09–3.12. Thus, according to Plaintiff's own Petition, LabCorp accurately reported that "the donor provided the specimen of invalid temperature and did not remain for re-collection." Since these statements are true, their publication to any third-party cannot form the basis for a defamation claim. And even if the claimed "false statements" were not completely accurate, they are substantially true: as pled by

the Plaintiff, the "gist" of the story was accurately conveyed. *See Vincent v. Comerica Bank*, 2006 U.S. Dist. LEXIS 28613, at *23–24; *McIlvain*, 794 S.W.2d at 16.

Plaintiff claims that the alleged statement by LabCorp essentially "accused Plaintiff of refusing to submit to a drug test and thereby implied that Plaintiff used illegal drugs or narcotics and therefore engaged in criminal activity." Pet. ¶ 4.02. That is not so. And even if LabCorp's entirely accurate statement implied some illegal or criminal conduct, it cannot form the basis for a defamation claim. *Cf. Klein v. Walker*, NO. 1:14-CV-00509-RC-ZJH, 2016 U.S. Dist. LEXIS 97361, at *14–15 (E.D. Tex. June 10, 2016) (dismissing defamation claims based on a statement that the plaintiff was "soon to be indicted or facing criminal charges" because the statements were substantially true); TEX. CIV. PRAC. & REM. CODE § 73.005(a).[1]

### B. Because Any Statements by Plaintiffs Are Protected by Qualified Privilege, Plaintiff Was Required, But Failed, to Plead Facts Supporting Malice.

Plaintiff's defamation claim also fails because Plaintiff has not adequately pled malice. Under Texas law, "[r]egardless of consent, release of the results of a drug test to the employer is protected by qualified privilege." *Frank v. Delta Airlines, Inc.*, 3:00-CV-2772-R, 2001 U.S. Dist. LEXIS 11341, at *5–6 (N.D. Tex. Aug. 3, 2001) (citing *Willis v. Roche Biomedical Labs, Inc.*, 61 F.3d 313, 315–16 (5th Cir. 1995)). Indeed, "even publication of false positive results is qualified, thereby precluding the employee's recovery on a defamation claim." *Id.*, 2001 U.S. Dist. LEXIS 11341, at *6 (citing *Willis*, 61 F.3d at 315–16); *Brownlow v. Lab. Corp. of Am.*, No. 00-10979, 2001 U.S. App. LEXIS 30840, at *3 (5th Cir. May 14, 2001) (plaintiff conceding that under Texas law, "a libelous test report is protected by a qualified privilege").

---

[1] *See also Korkala v. Simon & Schuster*, No. 85 CIV. 0564 (RLC), 1986 U.S. Dist. LEXIS 20819, at *7 (S.D.N.Y. Sept. 4, 1986) ("Because the core criminal activities described in *The Death Merchant* are admitted by Korkala to be true, and his only complaints, therefore, pertain to peripheral matters, these complaints cannot sustain a libel suit.").

To defeat the qualified privilege, a "plaintiff must show that the communication was motivated by actual malice." *Frank*, 2001 U.S. Dist. LEXIS 11341, at *6 (citing *Duffy v. Leading Edge Products, Inc.*, 44 F.3d 308, 312 (5th Cir. 1995)). "Actual malice" is "the making of a statement with knowledge that it is false, or with reckless disregard of whether it is true." *Brownlow*, 2001 U.S. App. LEXIS 30840, at *5 (quoting *Duffy*, 44 F.3d at 313). "Reckless disregard has been defined as a high degree of awareness of probable falsity that the plaintiff shows by presenting sufficient evidence to permit the conclusion that the defendant in fact entertained serious doubts as to the truth of his publication." *Id.*, 2001 U.S. App. LEXIS 30840, at *5; *see also Frank*, 2001 U.S. Dist. LEXIS 11341, at *6 ("In a defamation case, actual malice does not include ill-will or spite, but rather requires evidence to support the conclusion that the defendant entertained doubts as to the truth and accuracy of the communication.") (citations omitted); *Willis*, 61 F.3d at 317 ("The law is clear, '[m]alice is not implied or presumed from the mere fact of the publication, nor may it be inferred alone from the character or vehemence of the language used, nor found from the falsity of the statement alone.'") (quoting *Houston Belt & Terminal Ry. Co. v. Wherry*, 548 S.W.2d 743, 754 (Tex. Civ. App. 1976)). "A negligent failure to investigate the truth or falsity of a statement before publication, or a failure to act as a reasonably prudent person is insufficient to support a finding of malice." *Frank*, 2001 U.S. Dist. LEXIS 11341, at *6 (citing *Duffy*, 44 F.3d at 313).

Here, Plaintiff's defamation cause of action stems from the publication of drug screening results, which is qualifiedly privileged. *Willis*, 61 F.3d at 316–17. Therefore, Plaintiff must adequately plead malice to survive a 12(c) motion for judgment on the pleadings. *Id.* Plaintiff's Petition, however, only contains factually unsupported conclusions that LabCorp acted with malice, which is insufficient under the federal pleading rules.

Plaintiff alleges that LabCorp acted with malice simply because the drug screening report was purportedly false:

> 3.18 The foregoing facts demonstrate that ADP, with the assistance of Lab Corp. and Kracht, collectively gathered and communicated false information in the form of a written report (the "written report") to Crane, either with the knowledge that the information was false, or without regard to the truthfulness of the statements in the written report.

Pet. ¶ 3.18. But "malice is not implied or presumed from the mere fact of the publication . . . nor found from the falsity of the statement alone." *Willis*, 61 F.3d at 317.

Plaintiff's only other allegations of malice are also insufficient because they are entirely conclusory. Plaintiff contends:

> 4.04 Defendants published the aforesaid defaming false statements, and other libelous statements, either knowing that they were false, or with heedless and reckless disregard of whether they were false, and without any factual basis.
>
> 4.05 Publication of such libel with reckless disregard for the truth or falsity of the statements made constitutes actual malice on the part of Defendants.

Pet. ¶¶ 4.04–4.05. No factual allegations support this claim of malice.

A petition in which "[t]he only manifestation of malice" in relation to a qualifiedly immune statement "stems from the very fact that the test results were false" is insufficient to survive a 12(c) motion for judgment on the pleadings. *See Willis*, 61 F.3d at 317; *Frank*, 2001 U.S. Dist. LEXIS 11341, at *6 (holding that, to sufficiently plead malice and survive a 12(b)(6) motion to dismiss a defamation claim, the plaintiff must allege facts "to support the conclusion that the defendant entertained doubts as to the truth and accuracy of the communication."); *Shaunfield*, 991 F. Supp. 2d at 793 (citing *Guidry*, 512 F.3d at 180 ("The standard for deciding a Rule 12(c) motion is the same as a Rule 12(b)(6) motion to dismiss for failure to state a claim.")). Indeed, allegations similar to Plaintiff's have previously been found inadequate.

In *Frank v. Delta Airlines, Inc.*, for example, the plaintiff took a random drug test for his employer, Delta Airlines. *Frank*, 2001 U.S. Dist. LEXIS 11341, at *2. LabOne, one of the defendants, found the "presence of the drug-masking substance pyridine" in the plaintiff's urine sample and concluded that the plaintiff's urine sample had been "adulterated." *Id.* LabOne reported these results to Delta, who considered the adulterated sample a refusal to test. *Id.* Delta terminated his employment because of the "adulterated" test results. *Id.* The plaintiff filed suit, alleging defamation, among other claims. *Id.* at *3. The plaintiff "concludes in his Complaint that LabOne knew or recklessly disregarded the alleged fact that the drug test results were false." *Id.* at *6. The court granted LabOne's motion to dismiss, stating that "[a]lthough this may be the case, [the plaintiff] has not provided factual allegations that LabOne entertained doubts as to the accuracy of its test results. Without these specific allegations in support of a conclusion that LabOne acted with actual malice, [the plaintiff] cannot overcome LabOne's qualified privilege. Accordingly, he fails to state a claim for which relief can be granted . . . ." *Id.* at *7.

Here, Plaintiff's Petition contains no factual allegations that the LabCorp technician did not genuinely believe the samples were outside of normal temperature range, or that LabCorp "entertained doubts as to the accuracy" of the information it reported about the temperature of Plaintiff's samples or his leaving the testing facility thereafter. Plaintiff's conclusory allegations fail to adequately plead the requisite degree of fault. *See Frank*, 2001 U.S. Dist. LEXIS 11341, at *6. Therefore, plaintiff's Petition fails to state a claim upon which relief may be granted and should be dismissed.

## C. Plaintiff's Defamation Claim is Deficient Because It Fails to Plead the Date of the Alleged Defamation.

"Defamation claims must specifically state the time and place of the publication." *Jackson v. Dallas Indep. Sch. Dist.*, No. CIV. A.398-CV-1079-D, 1998 WL 386158, at *5 (N.D.

Tex. July 2, 1998) *aff'd*, 232 F.3d 210 (5th Cir. 2000)) (citing 5 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1309 at 698 (2d ed.1990)). Here, Plaintiff alleges that the information LabCorp provided to ADP contains defamatory statements. Pet. ¶ 3.15. However, Plaintiff alleges no facts that indicate when this information and the ADP report were allegedly published to his supervisor(s) and/or Crane. Therefore, Plaintiff's Petition is defective and should be dismissed.

II. **Plaintiff's Tortious Interference with Contractual Relations Claim Should Be Dismissed Because Plaintiff Failed to Plead Facts Supporting Willful or Intentional Interference.**

"To establish a case of wrongful interference with an existing business contract, a party must allege: '(1) a contract existed that was subject to interference; (2) the act of interference was willful and intentional; (3) such intentional act was a proximate cause of the plaintiff's damages; and (4) actual damages or loss occurred.'" *Mill Creek Press, Inc v. Thomas Kinkade Co.*, No. 3:04-CV-1213-G, 2004 U.S. Dist. LEXIS 31100, at \*37 (N.D. Tex. 2004) (quoting *Walsh v. America's Tele-Network Corp.*, 195 F. Supp. 2d 840, 849 (E.D. Tex. 2002)).

Assuming for the purpose of this Motion that the first element is sufficiently pled, judgment on the pleadings is warranted because Plaintiff fails to assert any factual support for the second element (intentional/willful interference). Factually unsupported, conclusory allegations of intentional or willful conduct will not survive a 12(c) motion. *See Mill Creek Press*, 2004 U.S. Dist. LEXIS 31100, at \*37–38; *Ashcroft v. Iqbal*, 556 U.S. at 678.

Here, Plaintiff merely alleges that "Defendants knew that Plaintiff was in an employment contract with Crane and therefore knew or should have known that their false written report stating that Plaintiff refused to cooperate with a drug test and not remain for re-collection would have had an immediate effect of termination of Plaintiff's employment." Pet. ¶ 5.05. This

15

conclusory pleading does not meet the specificity requirements under the Federal Rules of Civil Procedure. In *Mill Creek Press*, the Court dismissed a plaintiff's tortious interference claim based on similar bare-bones allegations, holding that "conclusory assertions will not prevent a motion to dismiss." *Mill Creek Press*, 2004 U.S. Dist. LEXIS 31100, at *37–38. In that case, like this one, all the plaintiff asserted was that the defendant "acted willfully and intentionally, without just cause or excuse, in a way which interfered with such business relations." The Court concluded that this "fail[ed] to allege any specific facts to support [Plaintiff's] claim."

Furthermore, the facts as pled actually indicate the opposite of any willful or intentional attempt to inflict harm. According to the Petition, the LabCorp technicians tried to avoid negatively impacting any relationship between Plaintiff and Crane. For example, Plaintiff alleges that after the first urine sample was not the proper temperature, a LabCorp technician encouraged Plaintiff to stay for a second test to prevent a report to his employer that he refused to cooperate with the drug test (Pet. ¶ 3.08). After the second urine sample was also outside the normal temperature range, the technician told the Plaintiff to get a new test number so that LabCorp could run a third drug screening (Pet. ¶ 3.10). There is no allegation that LabCorp refused to give Plaintiff a third drug screening upon being presented with a new test number, or that LabCorp in any way wanted or intended Plaintiff's employment to be terminated.

LabCorp merely administered the drug tests to Plaintiff and reported what occurred. Because Plaintiff failed to sufficiently allege a requisite element of his tortious interference with contractual relations claim, he has failed to state a claim upon which relief can be granted, and his Petition should be dismissed.

## CONCLUSION

For the foregoing reasons, LabCorp respectfully requests that (1) its Motion for Judgment on the Pleadings be granted in its entirety; (2) Plaintiff's claims against LabCorp be dismissed,

(3) judgment be entered in favor of LabCorp, and (4) any further relief as the Court deems just and proper.

        Respectfully submitted,

        */s/ Blake A. Bailey*
        **Blake A. Bailey**
        Texas State Bar No. 01514700
        **Christopher R. Jones**
        Texas State Bar No. 24070018
        PHELPS DUNBAR LLP
        115 Grand Avenue, Suite 222
        Southlake, Texas 76092-7626
        Phone:  (817) 488-3134
        Fax:    (817) 488-3214
        Email:  *blake.bailey@phelps.com*
        Email:  *chris.jones@phelps.com*

        **Robert I. Steiner** (*admitted Pro Hac Vice*)
        New York State Bar No. 2838621
        KELLEY DRYE & WARREN LLP
        101 Park Avenue
        New York, New York 10178
        Phone:  (212) 808-7800
        Fax:    (212) 808-7897
        Email:  *rsteiner@kelleydrye.com*

        **Jennifer C. Barks** (*admitted Pro Hac Vice*)
        Texas State Bar No. 24087257
        KELLEY DRYE & WARREN LLP
        515 Post Oak Blvd., Suite 900
        Houston, Texas 77027
        Phone:  (713) 355-5000
        Fax:    (713) 355-5001
        Email:  *jbarks@kelleydrye.com*

        **ATTORNEYS FOR DEFENDANT LABORATORY CORPORATION OF AMERICA HOLDINGS**

## **CERTIFICATE OF SERVICE**

On this 17th day of August, 2018, I electronically submitted the foregoing document with the clerk of the Court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. I therefore certify that I have served all counsel of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

*/s/ Blake A. Bailey*
Blake A. Bailey